NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0102n.06

Case No. 25-5800

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 04, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| MELVIN WEATHERHOLT and JOY WEATHERHOLT, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiffs-Appellants, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| CROCKETT COUNTY, TN SCHOOL BOARD, | ) | |
| APRIL HILLIARD, KYLIE DOYLE, and | ) | O P I N I O N |
| PATRICK DWYER, | ) | |
| Defendants-Appellees. | ) | |

Before: McKEAGUE, LARSEN, and RITZ, Circuit Judges.

McKEAGUE, Circuit Judge. Melvin and Joy Weatherholt claim they were subjected to excessive force while being escorted out of an event at their grandchild's elementary school. Because they have not plausibly alleged a Fourth Amendment violation, we **AFFIRM**.

**I.**

At this stage, we accept the facts as alleged in the complaint. *Martinez v. Wayne County*, 142 F.4th 828, 834 (6th Cir. 2025). Melvin and Joy Weatherholt planned to see their grandchild perform in a sing-along event at Maury City Elementary School. But when the Weatherholts entered the school gymnasium for the event, they were approached by school secretary April Hilliard and Patrick Dwyer (who is apparently a Tennessee State Trooper). According to the Weatherholts, Hilliard and Dwyer "unreasonably seized" and "unlawfully arrested them" by

"forcing them to leave the event under the pretext that a court order had been issued preventing them from attending." Complaint, R. 1, PageID 3, ¶ 9. As the Weatherholts see it, Hilliard and Dwyer ran afoul of the Fourth Amendment by "physically accousting [sic] them," "threating [sic] . . . physical application of force," and making "very load [sic] verbal demands that they leave the premises." *Id.*, PageID 3, ¶¶ 9-10. Beyond that, the complaint is short on detail.

The Weatherholts allege that Hilliard and Dwyer violated the Fourth Amendment, deprived them of due process, and ran afoul of state law when removing them from the event.[1] The Weatherholts also asserted a supervisory liability claim against school vice principal Kylie Doyle and *Monell*[2] claims against the Crockett County Board of Education. All told, the Weatherholts seek $6 million in compensatory and punitive damages as a result of the restraint of liberty, alleged emotional distress, loss of income, and embarrassment.

Across two orders, the district court dismissed all of the Weatherholts' claims. Relevant here, it concluded the Weatherholts failed to plead sufficient facts supporting their Fourth Amendment claims. And, although it acknowledged that not all of the events in question were captured on video, the district court concluded that the Weatherholts' allegations were implausible based on available footage. This appeal followed.

---

[1] The Weatherholts' state law allegations fall under a heading naming Hilliard and Dwyer, but the complaint confusingly names a "Defendant Hunter" in articulating those claims. Complaint, R. 1, PageID 6, ¶ 24.

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

## II.

## A.

Although the district court dismissed all of the claims below, the Weatherholts have narrowed the issues on appeal. They have explicitly waived review of their state law claims against Hilliard and Dwyer, their supervisory liability claims against Doyle, and their municipal liability claims against the School Board. *See* Appellants' Br. at 6 n.1. And by failing to offer any argument in support of their due process claims against Hilliard and Dwyer, they have waived appeal on that front as well. *See, e.g.*, *Kuhn v. Washtenaw County*, 709 F.3d 612, 624-25 (6th Cir. 2013).

## B.

All that remains, then, are the Weatherholts' Fourth Amendment claims. They argue that the district court erred in relying on video evidence in dismissing those claims. And, setting that footage aside, they contend the complaint plausibly alleges excessive force claims against Hilliard and Dwyer. We review the district's court dismissal of the Weatherholts' claims de novo. *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015). In doing so, we can affirm the district court's dismissal on any ground supported by the record. *Id.*

With that in mind, we start and end with the sufficiency of the Weatherholts' complaint. To survive a Rule 12 motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (recognizing that a Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion). That standard does not require "detailed factual allegations," but a complaint must offer more than "naked assertions devoid of

further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation modified). So, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Id.* (citation modified).

Measured by those standards, the Weatherholts' complaint falls short. To state a claim for excessive force, they must plausibly allege that the use of force was unreasonable in light of on-the-ground facts and circumstances. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Here, the Weatherholts point solely to their allegation that they were physically accosted. *See* Appellants' Br. at 9 (citing Complaint, R. 1, PageID 3). But that vague assertion leaves even the most basic questions unanswered: what type of force was applied, what type of injuries did the Weatherholts suffer, and when did each defendant use force? *See Graham*, 490 U.S. at 396 (recognizing that analyzing the reasonableness of a particular use of force "requires careful attention to the facts and circumstances of each particular case"); *see also Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008) (affirming dismissal when plaintiff offered only "bare allegations without any reference to the 'who, what, where, when, how or why'").

The Weatherholts have not identified, nor have we located, any on-point Sixth Circuit cases with sufficiently similar facts. But courts routinely find allegations similar to the Weatherholts' insufficient to state a Fourth Amendment claim for excessive force. *See, e.g.*, *Sampson v. Bergen Cnty. Prosecutors Off.*, No. 23-2425, 2024 WL 3177776, at *2 (3d Cir. June 26, 2024) ("[Plaintiff's] bare allegation that he was 'assaulted' is insufficient to state an excessive force claim."); *Allen v. Forren*, No. 2:25-cv-1012, 2025 WL 2814703, at *4 (S.D. Ohio Oct. 3, 2025) (recommending dismissal of excessive force claim as "entirely conclusory" when plaintiff alleged only that a police officer "manhandled" him during an arrest without additional specific facts), *report and recommendation adopted*, 2026 WL 120203 (Jan. 16, 2026); *Adams v. Jones*, No. 3:16-cv-P90-CRS, 2016 WL 4257368, at *3 (W.D. Ky. Aug. 11, 2016) (dismissing excessive force

claim as "conclusory" when plaintiff alleged only that he was "assaulted" but failed to "describe with reasonable particularity the specific incident of alleged force or his resulting injuries"); *Engle v. City of Cuyahoga Falls*, No. 5:14-cv-1161, 2015 WL 3852143, at \*10 (N.D. Ohio June 22, 2015) (dismissing excessive force claim when plaintiff alleged he was "physically prevented" from taking an action but did not allege any facts describing "the type of force used or what actions any of the officers took" (emphasis omitted)). And cases in the Eighth Amendment context lend further support. *Kirkendall v. Jaramillo*, No. 16-1500, 2016 WL 11005056, at \*1 (6th Cir. Dec. 9, 2016) (finding Eighth Amendment excessive force claim insufficiently pled where plaintiff did not "allege any specific instances of . . . conduct"); *Riddle v. Rivard*, No. 14-11092, 2015 WL 74822, at \*2 (E.D. Mich. Jan. 6, 2015) (dismissing complaint asserting Eighth Amendment excessive force claim when plaintiff alleged only that he was "physically assaulted" and did not allege "what conduct constituted the assault, or any other details of the incident").

All in all, the Weatherholts' allegations add up to nothing more than "naked assertions." *Iqbal*, 556 U.S. at 678 (citation modified). Without "further factual enhancement," the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation modified). Although the district court did not focus on the sufficiency of the complaint, the complaint's shortcomings are sufficient to affirm the district court's dismissal of the Weatherholts' Fourth Amendment claims.

In any event, given the Weatherholts' bare-bones allegations, it is not clear that the district court erred in relying on the available video evidence either. At the pleadings stage, a district court "can only rely on . . . videos over the complaint to the degree the videos are clear and blatantly contradict or utterly discredit the plaintiff's version of events." *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)) (citation modified).

And "any gaps or uncertainties" must be resolved in the plaintiff's favor. *Eastep v. City of Nashville*, 156 F.4th 819, 826 (6th Cir. 2025) (citation modified).

Consider how those principles apply here. Available footage leaves no question that the Weatherholts were not subjected to the use of force in the gymnasium or school office. In the gymnasium, Hilliard and Dwyer approach the Weatherholts (who are seated in the bleachers), have a brief conversation, and then walk toward an exit. And in the office, the Weatherholts stand calmly and appear to speak with two individuals behind the desk before Hilliard presents them with a document and they depart. So, on that score, the district court was correct to rely on the video exhibits to conclude the Weatherholts' allegations were implausible. *Id.* As the Weatherholts point out, there is a 22-second break in the footage from the time the parties leave the gymnasium to when they enter the school office, but nothing about their demeanor once they arrive in the office suggests they had been accosted in the hallway. True, any inference about events occurring during that gap must be resolved in the Weatherholts' favor at this stage. *Id*. Invoking that rule, both in the district court and on appeal, the Weatherholts argue that they "plausibly plead that defendants physically accosted them while escorting them from the gym to the office." Appellants' Br. at 9; R. 26, PageID 91. But a review of the complaint reveals no such allegations. Quite the opposite, their complaint alleges only an impermissible use of force "in the public event with a large number of the members of the community present." Complaint, R. 1, PageID 3, ¶ 10. With that in mind, the video exhibits undercut the plausibility of the Weatherholts' allegations as well.

**III.**

We **AFFIRM** the district court's dismissal of the Weatherholts' complaint.